# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3509 (11 CR 282) | **DATE** | May 23, 2012 |
| **CASE TITLE** | *Davila-Rodriguez v. United States* | | |

**DOCKET ENTRY TEXT:**

Mr. Davila-Rodriguez has filed a pro se § 2255 motion. The court has conducted a preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. For the reasons stated below, the motion is denied without prejudice as premature due to Mr. Davila-Rodriguez's pending direct appeal (Appellate Case No. 11-3903). The clerk is directed to terminate this case from the court's docket.

■[ **For further details see text below.**]

## STATEMENT

    The court has construed Mr. Davila-Rodriguez's filings broadly as he is proceeding pro se. The plea agreement between Mr. Davila-Rodriguez and the government allows him to challenge the validity of his plea as well as the sentence imposed by this court. *See United States v. Davila-Rodriguez*, No. 11 CR 282, Dkt. 30 at ¶ 8.

    Mr. Davila-Rodriguez currently has a pending direct appeal (Appellate Case No. 11-3903). On appeal, his appellate counsel (who also represented him before this court) filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), that identified one possible issue – whether the sentence imposed by this court complied with relevant statutes and sentencing guidelines and was reasonable. In Mr. Davila-Rodriguez's response to the *Anders* brief filed with the appellate court and his § 2255 motion filed with this court, he contends that appellate counsel is ineffective and that he should, therefore, be resentenced. The direct appeal has not yet been resolved by the Seventh Circuit.

    The fact that a direct appeal is pending is not a jurisdictional bar to a § 2255 motion (in other words, the existence of the pending direct appeal does not prevent this court from reaching the merits of the § 2255 motion now). *See DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1998). Nevertheless, it is well

(continued)

| | Courtroom Deputy Initials: | RTS/c |
|---|---|---|

## STATEMENT

established that absent extraordinary circumstances, a district court should not consider a § 2255 motion while a direct appeal is pending. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). "Extraordinary circumstances" exist when "the need for speedy relief" outweighs "the need for conservation of judicial resources." *Id*. at 405. This determination is left to the sound discretion of the district court. *Id*.

Here, the sentencing issues raised on appeal, if resolved in favor of Mr. Davila-Rodriguez, could moot the present § 2255 motion. Moreover, no discernable extraordinary circumstances exist in this case so none can justify considering the § 2255 motion now. Accordingly, the court adheres to the general rule that requires dissatisfied litigants to wait for their direct appeal to conclude before commencing a collateral attack. The court, therefore, denies the § 2255 motion without prejudice. Mr. Davila-Rodriguez is reminded that a one-year statute of limitations applies to § 2255 motions. *See* 28 U.S.C. § 2255(f).